UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:07CV-P198-R

**CALVIN DWAYNE MYERS**                                                                                          **PLAINTIFF**

v.

**HON. WES STEVENS** *et al.*                                                                                    **DEFENDANTS**

### MEMORANDUM & ORDER

This matter is before the Court on Plaintiff's motion for injunctive relief (DN 4). He asks the Court to suspend the employment of all Defendants named in his complaint. He claims that "The Defendants have shown by their actions they have no regards in terms of KRS statutes, Constitutional Rights or even human Rights." He further claims, "I Feel my Life, and well being are in jeopardy. Defendant Shawn Ferguson . . . would, at any time be able to call me out of my cell . . . I could be assaulted and injured by any of the Police." The Court construes his motion as a request for preliminary injunctive relief.

A preliminary injunction is an injunction that is "issued to protect [a] plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits." 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2947 (2d ed. 1995). In deciding whether such relief is appropriate, a court must consider four factors: "(1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction." *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985); *see also Doe v. Barron*, 92 F. Supp. 2d 694, 695 (S.D. Ohio 1999). The four criteria are meant to guide the court's discretion and to serve as factors to be balanced, rather than rigid requirements to be met in every case. *Golden v.*

*Kelsey-Hayes Co.,* 73 F.3d 648, 653 (6th Cir. 1996).  The district court is required by Rule 52 of the Federal Rules of Civil Procedure to make findings concerning all four of these factors unless fewer factors dispose of the issue.  *United States v. Sch. Dist. of Ferndale, Mich.,* 577 F.2d 1339, 1352 (6th Cir. 1978).

In the instant case, Plaintiff fails to demonstrate an irreparable injury.  To establish irreparable harm there must be an actual, viable, presently existing threat of serious harm.  *Mass. Coalition of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparedness of the Commonwealth of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981).  Plaintiff must show injury that is not remote or speculative, but is actual and imminent.  *United States v. W. T. Grant Co.,* 345 U.S. 629, 633 (1953).  The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm.  *See Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).

Plaintiff's allegations in his motion for preliminary injunctive relief are broad and conclusory, and his concern that Defendants "could" harm him is wholly speculative.  He simply alleges no specific facts showing any actual or imminent threat of harm.

The Court additionally reviewed the complaint, wherein Plaintiff raises two claims.  As to the first claim, Plaintiff alleges that in June 2005, Monroe County Sheriff's Deputies Lucas Geralds and Kevin Webb and Tompkinsville City Police Officers Dale Ford and Jimmy McClendon[1] stopped him.  When Plaintiff attempted to run, Defendants Geralds, Webb, and McClendon assaulted him while Defendant Dale Ford and Defendant Wes Stevens (who was the County Attorney at the time) watched.  With respect to the second claim, Plaintiff reports that in

---

[1] In the body of the complaint, Plaintiff identifies McClendon as a Tompkinsville City Policeman, but in the parties' section of the complaint, he identifies McClendon as employed by the Kentucky State Police.

July 2007, he was arrested and that Defendants Tompkinsville Police Officer Darrell Ford, Deputy Jailer Shawn Ferguson, and Wes Stevens (who Plaintiff identifies as the current Commonwealth's Attorney) were involved in circulating embarrassing photographs of him and/or prosecuting him based on the circumstances surrounding the content of the photos.

"[P]ast exposure to illegal conduct," however, "does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir.) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)), *cert. denied*, 534 U.S. 955 (2001).  While five of the Defendants allegedly assaulted Plaintiff or watched the assault well over two years ago in June 2005, the record contains no allegation that any Defendant has physically harmed him or directly threatened him since that time.[2]

Because Plaintiff fails to show any actual, immediate, or continuing threat of serious harm arising out of the purported past acts performed by Defendants, **IT IS ORDERED** that the motion for preliminary injunctive relief (DN 4) is **DENIED**.

Date: January 11, 2008

Thomas B. Russell, Judge
United States District Court

cc: Plaintiff, *pro se*
Jailer, Monroe County Detention Center, 204 N. Crawford Street, Tompkinsville, KY 42167
Sheriff, Monroe County, Main Street, Tompkinsville, KY 42167
Police Chief, Tompkinsville Police Department, 206 N. Magnolia Street, Tompkinsville, KY 42167
4413.005

---

[2] The Court notes that in the complaint, Plaintiff reports that in July 2007, Officer Ferguson "circulated the Photos [of Plaintiff in lingerie] around the Jail, showing them to over 20-inmates, making lewd derogatory remarks and jokes about them."  Plaintiff then reports that he was released on a $500.00 cash bond.  While Plaintiff indicates that he is currently incarcerated at the Monroe County Detention Center, no where does he allege that he is in any danger from any inmate or that any fellow inmate has threatened to harm him.